UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

CASE NO.: 1:24-cv-00285

JAMES PATTERSON,

        Plaintiff,

v.

BRYANT PARK SEARCH PARTNERS, LLC
and HEIDI RUSTIN,

        Defendants,

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff JAMES PATTERSON by and through his undersigned counsel, brings this Complaint against Defendants BRYANT PARK SEARCH PARTNERS, LLC and HEIDI RUSTIN for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff JAMES PATTERSON ("Patterson") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Patterson's original copyrighted Work of authorship.

2. Patterson is a self-taught photographer who has specialized in underwater and landscape nature photography since 2001. He has won several awards in contests by the Smithsonian, Ocean Conservancy, DEEP Indonesia, and others. Patterson's work has been published by Apple, National Geographic, American Photo, Popular Photography, Mother Earth News, and more.

3. Defendant BRYANT PARK SEARCH PARTNERS, LLC ("BPSP") is a retained executive search firm focusing on retail and fashion.   At all times relevant herein, BPSP owned

and operated the internet website located at the URL http://www.bryantparksearch.com (the "Website").

4. Defendant HEIDI RUSTIN ("Rustin") is Managing Partner of BPSP.

5. Defendants BPSP and Rustin are collectively referred to herein as "Defendants".

6. Patterson alleges that Defendants copied Patterson's copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

**JURISDICTION AND VENUE**

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in New York.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

**DEFENDANTS**

11. Bryant Park Search Partners, LLC is an Arizona Limited Liability Company, with its principal place of business at 299 Park Ave, 16th Floor, New York, New York, 10171, and can be served by serving its Registered Agent, Becker, Glynn, Muffly, Chassim & Hosinski LLP, ATTN: Bonnie R. Klugman, 299 Park Avenue, 16th Floor, New York, NY, 10171.

12. Heidi Rustin is an individual residing in Pound Ridge, Westchester County, state of New York, and can be served at 26 Patterson Rd., Pound Ridge, NY 10576.

## THE COPYRIGHTED WORK AT ISSUE

13. In 2013, Patterson created the photograph entitled "20130830_JLP8374," which is shown below and referred to herein as the "Work".



14. Patterson registered the Work with the Register of Copyrights on January 09, 2014, and was assigned registration number VA 1-943-841. The Certificate of Registration is attached hereto as **Exhibit 1**.

15. Patterson's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets.

16. At all relevant times Patterson was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

17. Defendants have never been licensed to use the Work at issue in this action for any purpose.

18. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

19. On or about January 14, 2021, Patterson discovered the unauthorized use of his Work on the Website. The Work was used as the image above the "San Francisco" location information on the Contact page of the Website.

20. Defendants copied Patterson's copyrighted Work without Patterson's permission.

21. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their regular business activities.

22. Defendants copied and distributed Patterson's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

23. Patterson's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

24. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

25. Patterson never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

26. Patterson notified Defendants of the allegations set forth herein on July 11, 2022. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

27. Patterson incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Patterson owns a valid copyright in the Work at issue in this case.

29. Patterson registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Patterson's authorization in violation of 17 U.S.C. § 501.

31. Defendants performed the acts alleged in the course and scope of its business activities.

32. Defendants' acts were willful.

33. Patterson has been damaged.

34. The harm caused to Patterson has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT BY RUSTIN

35. Patterson incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

36. Patterson owns a valid copyright in the Work at issue in this case.

37. Patterson registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

38. Defendants copied, displayed, and distributed the Work at issue in this case and made derivative of the Work without Patterson's authorization in violation of 17 U.S.C. § 501.

39. Rustin had the right and ability to supervise the infringing activities of Defendants alleged herein.

40. Rustin had a direct financial interest in the infringing activities alleged herein.

41. As a result of Rustin's vicarious infringement as alleged above, Rustin obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Work

42. Patterson has been damaged.

43. The harm caused to Patterson has been irreparable.

WHEREFORE, Plaintiff JAMES PATTERSON prays for judgment against the Defendants BRYANT PARK SEARCH PARTNERS, LLC and HEIDI RUSTIN that:

    a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b. Defendants be required to pay Patterson his actual damages and Defendants' profits attributable to the infringement, or, at Patterson's election, statutory damages, as provided in 17 U.S.C. § 504

    c. Patterson be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d. Patterson be awarded pre- and post-judgment interest; and

    e. Patterson be awarded such other and further relief as the Court deems just and proper.

### JURY DEMAND

Patterson hereby demands a trial by jury of all issues so triable.

DATED: January 12, 2024                Respectfully submitted,

*/s/ Joseph A. Dunne*
JOSEPH A. DUNNE
Bar Number: 4831277
joseph.dunne@sriplaw.com

**SRIPLAW, P.A.**
175 Pearl Street
Third Floor
Brooklyn, NY 11211
929.200.8446 - Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff James Patterson*